UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Rosalind Holmes, | : | Case No. 1:14-cv-582 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| City of Cincinnati, et al, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Before the Court is Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c).  (Doc. 63)  Plaintiff opposes the motion (Doc. 65), and Defendants have filed a reply.  (Doc. 67)

Plaintiff Rosalind Holmes filed her pro se complaint in this case against the City of Cincinnati on July 15, 2014.  (Doc. 1)  Holmes is an employee of the City, and works as an accountant in the tax department.  She alleges that the City engaged in a pattern and practice of unlawful race discrimination, disability discrimination, retaliation, and harassment, in violation of Title VII and the Americans with Disabilities Act.  Her complaint refers to an EEOC charge she filed on November 19, 2012, which was dismissed by the EEOC on March 4, 2013.  She apparently filed a second EEOC charge on November 20, 2013, which was closed by the EEOC on July 14, 2014.

Holmes further alleges that she complained to Lisa Berning, the Human Resource Manager, on December 14, 2010; thereafter, Berning and Teresa Gilligan, former Tax Commissioner, referred Holmes to the Public Employee Assistance Program.  Berning never addressed her complaint.  On July 27, 2011, Holmes applied

for a promotion, but was informed she did not satisfy the minimum qualifications of three years experience as an accountant with the City.  Two co-workers were permitted to apply although they were hired just before Holmes was hired.  On October 12, 2012, Holmes alleges she discovered a letter written to the Director of the Public Employee Assistance Program, which contained false accusations about her and her health.  It is not clear where Holmes discovered this letter.  Her complaint seeks an order requiring the City to promote her, as well as back pay and compensatory and punitive damages.

The City answered the complaint and raised several defenses.  (Doc. 3) Holmes subsequently retained counsel who filed a notice of appearance on September 18, 2014, and a case calendar order was entered.   Holmes, through her attorney, filed an amended complaint on January 30, 2015 (Doc. 17), within the time provided by the calendar order.  Her amended complaint alleges claims against the City and five individual City employees (Ted Nussman, Eric Ringhauser, Teresa Gilligan, Lisa Berning, and Troye Shirley), all of whom are sued both as "agents" of the City and in their individual capacities.  In the amended complaint, Holmes alleges she complained to Berning on December 14, 2010 about the "rescission of an approved transfer" to a different position, which was improperly awarded to Ted Nussman's wife, a less qualified Caucasian-American female.  (Doc. 17 at ¶19)   Holmes was ordered to consult the City's Employee Assistance Department as a result of her complaint.  Holmes filed an EEOC claim on November 19, 2012, after which her workload was altered, resulting in larger accounts being assigned to Holmes.

In July 2011, she was denied a promotion to a senior accountant position because she failed to satisfy a three-year tenure requirement.  She alleges that lesser

qualified Caucasian-American employees were not impeded from promotions.  She

received a negative 2014 performance evaluation, and was denied a salary increase,

actions she alleges were retaliatory and violated the Family and Medical Leave Act

("FMLA").  (Id. at ¶24)   She also alleges that a co-worker filed an unfounded complaint

of workplace violence against her on August 14, 2014, for which Nussman issued a

written reprimand to Holmes.  She further alleges that "Defendants" and any or all of

them, treated her as disabled in order to preclude her from seeking promotional

opportunities.  She alleges that her complaints have been ignored, and that

"Defendants, or any one or more of them," have a history of racial discrimination,

adverse decisions and/or accusations reflecting "knowledge, willfulness and/or

maliciousness regarding unlawful racial discrimination."  (Id. at ¶30)

Her amended complaint alleges federal claims under Title VII for race

discrimination (Count 1) and race-based retaliation (Count 2); a Section 1981(a) claim,

alleging Defendants violated her contractual employment rights (Count 3); conspiracy

under 42 U.S.C. §1986 (Count 4); disability discrimination under the Americans with

Disabilities Act, 42 U.S.C. §12112 (Count 5); FMLA retaliation under 29 U.S.C. §2615

(Count 6); and state law claims for racial discrimination (Count 7), intentional infliction of

emotional distress (Count 8), and libel (Count 9).  All claims are brought against all

Defendants collectively.

Before any answers were filed to the amended complaint, the parties were

referred to the Magistrate Judge for a settlement conference.  (Doc. 32)  A May 27,

2015 docket entry states that the parties informed the Magistrate Judge that they had

reached a settlement.  A few days later, however, Holmes' attorney moved to withdraw,

citing irreconcilable differences.  (Doc. 38)  Holmes responded by asking the Court to review the settlement to determine whether it was fair, stating that she decided to revoke the settlement because it was not fair to her.  She also requested time to retain new counsel.  (Doc. 39) Counsel's motion to withdraw was granted on June 24, 2015 (Doc. 47), and new counsel entered his appearance on August 4, 2015.  (Doc. 50)  An amended calendar order was entered, and the parties were again referred to the Magistrate Judge for a settlement conference.  The Magistrate Judge reported that the parties were at impasse, and Holmes disclosed  an expert witness on December 23, 2015.

On February 22, 2016, all Defendants moved for judgment on the pleadings on Holmes' amended complaint.  (Doc. 63)  They argue that the amended complaint is defective on a variety of grounds, and fails to state a plausible claim for relief against any of them.  They argue that Holmes' November 19, 2012 EEOC claim is untimely with respect to any alleged discriminatory or retaliatory conduct that occurred more than 300 days prior to that filing date.  The only date Holmes specifically alleges is a December 14, 2010 denial of a transfer, which was more than 300 days before she filed her EEOC claim.  They also argue that her initial complaint in this case was not filed within 90 days of her receipt of EEOC's notice of suit rights.  Defendants ask the Court to take judicial notice of that letter which is dated March 4, 2013 (Doc. 63, Ex. G); her original complaint was filed on July 15, 2014.  In addition, Holmes did not allege race discrimination or retaliation in her EEOC charge, which is a prerequisite to prosecuting her federal Title VII claims.

Defendants also argue that Holmes' factual allegations fail to state a plausible

claim under Title VII, the ADA, the FMLA, and/or Section 1981. Her Section 1986 claim lacks factual support and is not accompanied by a Section 1985 claim, which is a prerequisite to Section 1986 relief. Such a claim would be futile in any event. Holmes' intentional infliction of emotional distress and libel claims under Ohio law are based entirely on conclusory allegations that fail to allege a plausible claim. Finally, the individual defendants seek dismissal of all claims against them. Each is sued individually, and individual employees are not liable under Title VII, the FMLA, or the ADA, and only injunctive relief claims are cognizable under Section 1981. The individual defendants are also immune from Holmes' state law claims (Counts 7-9) under Ohio Rev. Code 2744.03(a)(6), and she fails to plead any facts bringing her claims within any of the statutory exceptions to the immunity shield.

Holmes' response (Doc. 65) includes a recitation of facts and events that are largely missing from her amended complaint. And these factual allegations are not set forth in an affidavit or a declaration. In any event, Holmes' response memo asserts that she filed a second EEOC claim on November 20, 2013, for which she received a notice of suit rights on July 22, 2014. She argues that her original complaint was therefore timely and that she did exhaust her administrative remedies. She also states that she was on FMLA leave for "a substantial portion of 2014." (Doc. 65 at 7) She contends that her pleading is more than sufficient to withstand dismissal under Rule 12(c), and suggests that Defendants are really seeking summary judgment, given the exhibits submitted with their motion. She asks the Court to deny Defendants' motion so that she can engage in discovery that will support her allegations.

A motion for judgment on the pleadings under Rule 12(c) is decided under the

same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6).
See Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).  In reviewing such motions,
the Court accepts the well-pleaded factual allegations of the complaint.  A claim will
survive if those allegations are "enough to raise a right to relief above the speculative
level on the assumption that all of the complaint's allegations are true."  Jones v. City of
Cincinnati, 521 F.3d 555, 559 (6th Cir. 2008), citing Bell Atlantic Corp. v. Twombly, 550
U.S.544 (2007).  Twombly essentially retired Rule 8's permissive "no-set-of-facts"
pleading standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The
Twombly court found that literal application of that standard impermissibly permits
wholly conclusory claims to survive Rule 12 challenges.

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court expressly held that
a complaint will survive a Rule 12 challenge only if its well-pleaded factual allegations
are sufficient to state a claim for relief that is plausible on its face.  Facial plausibility
requires pleading facts that permit a reasonable inference that the defendant is liable for
the alleged misconduct.  If a complaint pleads facts that are "merely consistent with" a
defendant's liability, it "stops short of the line between possibility and plausibility of
'entitlement to relief.'"  Id. at 678 (quoting Twombly, 550 U.S. at 557).

The Court finds that many of Defendants' arguments are well-taken.  Holmes
suggests that she should be permitted to engage in discovery before responding to
Defendants' motion.  The Court disagrees.  The documents attached to Defendants'
motion are clearly referred to in Holmes' amended complaint, and they form the factual
basis for her allegations.  Attaching these materials to the motion does not require the
Court to treat it as one for summary judgment.  See Weiner v. Klais & Co., 108 F.3d 86,

89 (6th Cir. 1997): "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."

With regard to Holmes' racial discrimination claims (Counts 1, 2 and 3), she does not directly respond to Defendants' argument that she must exhaust her administrative remedies by filing a claim with the EEOC.  Defendants have submitted copies of the EEOC charges that are referred to in the amended complaint (Doc. 63-1, Ex. G), of which the Court will take judicial notice.  The only charges Holmes made to the EEOC were claims for disability discrimination and retaliation; there is no mention of racial discrimination or retaliation.  In addition, the EEOC's notice of right to sue on these charges is dated March 4, 2013.  Holmes filed her original complaint in July 2014, over a year later.  That notice states in prominent typeface that Holmes had only 90 days in which to file a lawsuit based on her EEOC charges.  These claims are subject to dismissal on both grounds, failure to exhaust and untimeliness.

Holmes suggests in her response memo that she filed another EEOC charge, for which she received a notice of right to sue in July 2014.   Out of an abundance of caution, the Court will permit Holmes to amend her complaint in order to specifically allege the factual circumstances surrounding this EEOC charge, and to plead more specifically the facts supporting her claims for racial discrimination.

Holmes' claim for conspiracy under 42 U.S.C. §1986, Count 4, will be dismissed with prejudice.  Defendants correctly argue that there is no free-standing right to prosecute a claim for conspiracy under Section 1986, because any claim under that section is contingent upon pleading and proof of a violation of Section 1985.  See

Seguin v. Sterling Heights, 968 F.2d 584, 590 (6th Cir. 1992).

Count 5, Holmes' claim for disability discrimination under the Americans with Disabilities Act, was raised in her initial EEOC claim, and would also appear to be untimely for that reason.  She suggests in her response that she also alleged disability discrimination in her second EEOC charge.  Given her assertion, the Court will permit her to amend this claim along with her racial discrimination claims.  In addition, Defendants correctly observe that her amended complaint's allegations regarding disability are conclusory in nature, and merely recite the elements of a claim under the ADA.  If she chooses to amend this claim, Holmes must particularly allege facts to support the elements of an ADA discrimination claim.

Count 6 alleges retaliation under the Family and Medical Leave Act.  The only reference in the amended complaint to this issue is in paragraph 24, where Holmes alleges that she was denied a step increase after her 2014 performance evaluation, which she suggests was retaliatory because she was unable to meet work quotas due to an FMLA absence.  (Doc. 17 at ¶24)  This conclusory allegation does not suffice to state a plausible claim for FMLA retaliation, and there are no facts pled concerning why or when she may have applied for FMLA leave, when and why it may have been granted, and how that leave may be related to either the denial of a step increase or her 2014 evaluation.  The Court will grant Holmes leave to amend this claim, but if she does so she must set forth with sufficient specificity facts that could support a retaliation claim under the FMLA.

Count 7, her state law discrimination claim, alleges a series of alleged discriminatory and retaliatory actions.  To the extent she is alleging racial or disability

discrimination/retaliation, she will be permitted to amend this claim along with her federal claims.  Holmes also references violations of workplace rules, or promotions based on nepotism.  (See Doc. 17 at ¶60)  Ohio Rev. Code 4112.02 prohibits discriminatory practices based on race, color, religion, sex, military status, national origin, disability, age and ancestry.  It does not give rise to a claim based on violations of workplace rules or allegations of nepotism.  To the extent that Holmes alleges a claim based upon those grounds, it fails to state a plausible claim and is dismissed with prejudice.

Counts 8 and 9, state law claims for intentional infliction of emotional distress and libel, are dismissed with prejudice.  In order to establish a plausible claim for intentional infliction of emotional distress, Holmes must plead facts giving rise to a plausible claim that: "(1) that the defendant either intended to cause emotional distress or knew or should have known that the actions taken would result in serious emotional distress; (2) that the defendant's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it would be considered utterly intolerable in a civilized community; (3) that the defendant's actions were the proximate cause of plaintiff's psychic injury; and (4) that the mental distress suffered by plaintiff is serious and of such a nature that no reasonable person could be expected to endure it."  Smith v. Redecker, 2010-Ohio-505, at ¶60 (Ohio App. 4th Dist. 2010).  Holmes' allegations of denial of a transfer or a salary increase, or her referral to the Employee Assistance Department, do not rise to the level of a plausible claim for intentional infliction of emotional distress.  Her conclusory allegations that Defendants "intended" to cause her distress, or exhibited "reprehensible" conduct, are plainly insufficient.

Libel, a form of defamation, requires factual allegations plausibly supporting a claim that the defendant caused the publication of a false written statement about Holmes to be made to a third party, that was either defamatory per se, or that caused injury to Holmes' reputation or exposed her to public ridicule or disgrace.  The defendant's conduct must at least amount to negligence in publishing the false statement.  See, e.g., Mehta v. Ohio Univ., 194 Ohio App.3d 844, 855, 2011-Ohio-3484, ¶26 (Ohio App. 2011).  Holmes' allegations are merely conclusory, alleging that "Defendants" injured her reputation or exposed her to public ridicule (see Doc. 17 at ¶68).  There are simply no facts pled in her amended complaint that support a plausible claim for libel.  Count 9 is therefore dismissed with prejudice.

Holmes does not respond to the arguments about the individual Defendants.  It is beyond dispute that Individual supervisors are not liable under Title VII, the ADA, or the FMLA.  The only relief that might be available to Holmes under Section 1981 is prospective or injunctive relief, not money damages against the individual defendants, and any such relief that Holmes could be entitled to can be awarded against the City.  Holmes also does not respond to the individual Defendants' argument that they are immune from her state law claims under Ohio Rev. Code 2744.03(A)(6).  An exception to that immunity may exist if the employee acts manifestly outside the scope of employment, acts with malice, in bad faith, or in a wanton or reckless manner.  The Court agrees that Holmes' allegations against the individual Defendants fail to plausibly allege a basis for an exception to the immunity granted to them under Ohio law.  The Court grants Defendants' motion with respect to the five individual Defendants.

**CONCLUSION**

-10-

For all of the foregoing reasons, Defendants' motion for judgment on the pleadings (Doc. 63) is granted in part. Holmes' claims set forth in Counts 4, 8 and 9 of her amended complaint are dismissed **with prejudice**. All of Holmes' claims against the individual Defendants Ted Nussman, Eric Ringhauser, Teresa Gilligan, Lisa Berning, and Troye Shirley, are dismissed **with prejudice**. The claims for racial and disability discrimination and FMLA retaliation, Counts 1, 2, 3, 5, 6 and 7, are dismissed without prejudice and with leave to amend those claims.

If she chooses to file a second amended complaint, Holmes shall file that pleading no later than 14 days from the date of entry of this Order, or by **May 10, 2016.** Defendant may answer or otherwise respond to any second amended complaint within the time provided by the Federal Rules of Civil Procedure and this Court's Local Rules.

SO ORDERED.

DATED: April 25, 2016                                    s/Sandra S. Beckwith
                                                         Sandra S. Beckwith, Senior Judge
                                                         United States District Court